## Lande and Menkin, Appellants, *v.* Reif.

*Negotiable instruments — Check — Failure of consideration — Stopping payment.*

The payees of a check given by a purchaser of real estate cannot recover thereon, where it appeared that they could not deliver immediate possession of the property in question, and that such delivery was one of the covenants in the contract.

In such case, where the plaintiff could not make delivery, there was a failure of consideration, and the maker of the check was justified in stopping payment thereon.

Argued November 11, 1924.   Appeal, No. 135, Oct. T., 1924, by plaintiffs, from judgment of C. P., No. 5, Phila. Co., Sept. T., 1920, No. 4726, on verdict for defendant in the case of Samuel Lande and Daniel L. Menkin, Co-partners, trading as Lande and Menkin, v. Harry Reif. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on check.   Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict for the defendant and judgment was entered thereon.   Plaintiffs appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of plaintiffs' motion for judgment non obstante veredicto.

*Samuel J. Gottesfeld,* for appellant.

*Edward H. Cushman,* and with him *Samuel Englander,* for appellee.

OPINION BY PORTER, J., December 12, 1924:

This is an action of assumpsit by the payees against the maker of a check. There was a verdict and judgment in favor of the defendant in the court below and the appeal is by the plaintiffs. The check was given under the following circumstances. The plaintiffs, as agent for Samuel Rothstein the owner of the property #4712 North 9th Street, in the City of Philadelphia, entered into a written contract for the sale of the property to the defendant. While the plaintiffs contracted as agent for Rothstein they did so under their individual seals. The contract called for a cash payment of one thousand dollars on the execution of the agreement, for which amount the defendant gave his check payable to the order of "Lande & Menkin." Under the covenants of the agreement the defendant was entitled to immediate possession of the property. The defendant discovered, later in the day upon which he delivered the check to the plaintiffs, that Rothstein, the owner of the property, had already executed and delivered a lease for the property to Charles Beifield for the term of one year, and that it would be impossible for Rothstein to deliver possession of the premises to the defendant in accordance with the terms of the contract into which defendant had entered with these plaintiffs. The defendant upon making the discovery promptly notified his bank and stopped payment of the check, and the bank refused to pay the check upon presentation. The plaintiffs subsequently brought this action to recover the amount of the check.

It was upon all hands conceded at the trial that the check was given under the terms of the written agreement and constituted the advance payment thereby required. The consideration for the check was to be the acquisition and immediate possession of the property. The evidence produced by the defendant conclusively established that neither Rothstein, nor these plaintiffs his agents, were able to deliver possession of the property as by the contract required. But as this testimony

was oral the court left to the jury under instructions of which the plaintiffs have no cause for complaint the question whether the plaintiffs, or their principal, could or could not deliver possession of the property in accordance with the terms of the contract, instructing them that if the plaintiffs or their principal could deliver possession then the plaintiffs were entitled to a verdict in the full amount of their claim.  The verdict of the jury establishes that there had been a failure of the consideration for which this check was given.  The action being between the immediate parties to the check, no question as to what might have been the rights of a holder in due course arose in the case, and the maker of the instrument might properly set up as a defense failure of consideration.  If this defendant had handed over one thousand dollars in cash to the plaintiffs and the latter had paid the amount over to their principal, it may well be that the defendant would not be in a position to maintain an action against the plaintiffs to recover the money, but that is not this case.  The plaintiffs accepted a negotiable instrument and the law presumes that they knew that the defendant might stop payment of that instrument if he discovered that the consideration had failed.  If the plaintiffs had turned this check over to Rothstein the latter would have been in no better position, he could not have recovered on the check for the reason that he was one of the parties to the transaction and knew that the consideration had failed.  If the payees of the check saw fit to advance money to Rothstein, taking the chances that the defendant would not discover that he had been imposed upon until after the check had been cashed then to Rothstein they must look for reimbursement.

The judgment is affirmed.